**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| In re: | * | |
| | * | CASE NO. 02-61907 |
| **PETER GEORGE JOKOLA** | * | |
| **THERESA ANN JOKOLA** | * | CHAPTER 13 |
| **Debtors** | * | |

**RESPONSE TO MOTION TO REOPEN CLOSED CASE**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

NOW COME Peter George Jokola and Theresa Ann Jokola, Debtors in the above-referenced case, and file this response to Douglas Leland Barr's Motion to Reopen Closed Case, and in support thereof states as follows:

1. Debtors filed a petition under Chapter 13 of Title 11 of the United States Bankruptcy Code on August 30, 2002. Debtors owned approximately 65 acres of land in Limestone County which was their homestead. At the time they filed their bankruptcy case, the Debtors had leased a portion of their homestead to an individual named Danny Richardson for the purpose of mining limestone from the property. The Debtors filed a motion to reject that lease agreement for several reasons, including the failure of Mr. Richardson to pay royalties due to Debtors under the agreement. On January 23, 2003, the Court entered an order rejecting and terminating that lease.

2. On or about October 4, 2002, the Debtors entered into a lease agreement with Movant, Douglas Leland Barr, whereby Barr was allowed to remove limestone aggregate from Debtors' homestead land. Under the agreement, Barr was to pay Debtors a royalty for every ton of limestone removed from Debtors' property, and was also required to pay for and/or stockpile the equivalent of $50,000.00 worth of limestone aggregate.

3. On or about February 13, 2003, Debtors entered into the First Amendment of Lease Agreement for Removal of Limestone whereby Barr agreed to pay $0.25 per ton for limestone aggregate removed from the property. Debtors hoped and planned to use the royalties received by

1

them under the Lease Agreement for Removal of Limestone and First Amendment to Lease Agreement for Removal of Limestone to supplement their income and fund their chapter 13 plan.

4. The Debtors' chapter 13 plan was confirmed on July 13, 2003. However, Barr breached his agreement by failing to pay Debtors the required royalties for the limestone removed from the property. The Debtors continued to experience financial difficulties, fell behind on their plan payments, and their case was subsequently dismissed on October 31, 2003, due in large part to Barr's failure to perform under the lease agreement.

5. Subsequent to the dismissal of their chapter 13 case, the Jokolas continued to experience financial difficulties and fell further behind on their mortgage payments. On December 22, 2003, and facing foreclosure on their homestead, the Debtors sold their land to Barr, for the sum of $168,000.00. Said sale allowed the Debtors to pay off their mortgage and pay off various other creditors. At the time of the closing of the sale to Barr, the Jokolas entered into a Second Amendment to Lease Agreement whereby the Lease Agreement for Removal of Limestone and the amendments thereto would "survive" the sale closing and the terms would continue until the Lease expired on October 4, 2007. Despite the continued and existing lease obligations, Barr still failed to pay the Jokolas the required royalty payments. To date, Barr owes the Jokolas in excess of $40,000.00 in limestone aggregate royalties.

6 On or about October 23, 2007, just nineteen (19) days after the expiration of the Lease Agreement, Barr sold the property to a company named Destructors, Inc. for $3,400,000.00. Despite receiving this large amount of money, Barr has still failed to, and refused to, pay the Jokolas for the royalties he owes to them.

7. On October 5, 2007, the Jokolas filed suit against Barr in the 77th District Court of Limestone County, Texas, alleging, among other things, breach of contract, conversion, and fraud, and requesting general and punitive damages. Barr filed an answer to the suit through his counsel, Joseph Olson and Phillip Arrien, denying all allegations.

8. From November 2007 until August 2008, the Jokolas sent written discovery to Barr, including Requests for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production in the state court suit. However, Barr was very obstinate in producing relevant documents to the Jokolas. In fact, on June 23, 2008, the Jokolas were forced to file a Motion to Compel against Barr in order for Barr to produce all scale tickets, Profit and Loss Statements, and other such documents that Barr should have already given to the Jokolas pursuant to the terms of the Lease Agreement. After a hearing before the District Court in Limestone County, Barr finally produced some of those documents on August 15, 2008.

9. In April 2008, the depositions of Barr and Peter Jokola were taken. Then, on May 29, 2008, the parties agreed to mediate the case in Waco, Texas, using Mr. David Dickson as the mediator. However, Barr arrived four (4) hours late to the agreed mediation and such settlement discussions proved to be unsuccessful.

10. On November 7, 2008, after over a year of written discovery and depositions, and after the Jokolas' counsel had obtained a trial setting in the state court suit, Barr filed a Motion To Reopen Closed Case, requesting that this Court reopen the prior chapter 13 bankruptcy case that was dismissed in 2003. The Motion To Reopen should be denied for the reasons stated herein.

11. In paragraph 10 of Barr's Motion To Reopen Closed Case, the only stated reason for reopening the case is "to permit the parties to proceed in resolving disputes relating to the agreement and the estate's property." However, the issues in the state court do not deal with property of the debtors' former bankruptcy estate. The lease agreement which is the subject of the state court litigation was on real property that was the Debtors' homestead. The Debtors claimed that real property as their homestead, no party objected to same, and therefore their exemptions were allowed. Consequently, such property was not property of the estate. *11 U.S.C. 522(b)(2)* And since it is not property of the estate, the Bankruptcy Court has no jurisdiction over it. *28 U.S.C. §1334.*

Further, the Limestone County District Court provides an appropriate forum for resolution of all disputed issues between the parties. In fact, jurisdiction and mandatory venue lie in Limestone

County, Texas because the real property which is the subject of the suit lie in Limestone County, Texas. *Tex. Civ. Prac. & Rem. Code §15.011.*

12. The Jokolas would further show that Barr's filing of this Motion To Reopen Closed Case is in bad faith, without just cause, and in an attempt to delay prosecution of the state court case. The state court case has been pending since October 5, 2007, discovery has been conducted, and the case is ready for trial in state court. Barr allowed 13 months to pass, and allowed discovery in the state court case to be conducted, before filing this Motion to Reopen. In addition, a review of the Debtors' schedules filed in the bankruptcy case would have clearly revealed that the subject lease agreement and real property were not property of the Debtors' bankruptcy estate because it was the Debtors' homestead. Barr's attempt to reopen the bankruptcy case is simply an attempt to further delay trial of this case in state court.

WHEREFORE, Debtors request that Movant's Motion to Reopen Case be denied and that they be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ David C. Alford
David C. Alford
Texas State Bar No. 01011500
801 Washington, Suite 503
Waco, Texas 76701
254-757-2777 (phone)
254-757-2780 (fax)
Attorney for Peter George Jokola and Theresa Ann Jokola

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response to Motion to Reopen Closed Case was served on the following parties by electronic means as listed on the Court's ECF noticing system or by regular first-class mail on this 16th day of March, 2009:

Peter and Theresa Jokola
382 LCR 374
Groesbeck, Texas 76642

Joseph Olson
Phillip F. Arrien
6801 Sanger Avenue, Suite 140
Waco, Texas  76710

Ray Hendren, Chapter 13 Trustee
101 East 9th Street, Suite 1200
Austin, Texas  78701-2402

Henry Hobbs, Jr., U.S. Trustee
903 San Jacinto, Suite 230
Austin, Texas  78701

                                              /s/ David C. Alford
                                              David C. Alford

(jokola.09\ reopen  response)

5